IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 20 CR 694 |
| LADON HAYGOOD, | ) | Judge John F. Kness |
| | ) | |
| | ) | |
| Defendant. | ) | |

**LADON HAYGOOD'S STATEMENT
REGARDING LOCAL CRIMINAL RULE 50.4(a)**

NOW COMES Defendant, LADON HAYGOOD, through his counsel, JOSHUA B. ADAMS, and respectfully files his statement regarding Local Criminal Rule 50.4(a) pursuant to this honorable court's order of November 23, 2020. In support of his statement, Mr. Haygood states the following.

1. On October 21, 2020 Judge Finnegan held a detention hearing. Judge Finnegan found that no conditions existed that could ensure Mr. Haygood's appearance in court or protect the public.

2. Then, on November 12, 2020, Mr. Haygood filed a motion to reconsider Judge Finnegan's detention order.

3. This honorable court asked Mr. Haygood to file a statement with respect to the effect Local Criminal Rule 50.4(a) has on Mr. Haygood's Motion.

4. Rule 50.4(a) provides "Where a review is requested of an order entered by the duty magistrate judge in proceedings directly assigned pursuant to LCrR5.1, the review shall be heard by the emergency judge.

5. Mr. Haygood interpreted the phrase "directly assigned" to mean where the case in general is assigned. Mr. Haygood's case is assigned to this honorable court.

6. Moreover, in counsel's professional judgment, this motion to reconsider bond is not an "emergency" in the traditional sense. Mr. Haygood is not being held in excess of any guideline sentence term, been denied an initial detention hearing, or is being held where the government has evidence of his actual innocence.

7. Additionally, 18 U.S.C. §3145(b) provides that If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense.

8. Here, this honorable court has original jurisdiction over Mr. Haygood's case, where he is charged with a violation of 18 U.S.C. §922(g)(1).

9. Therefore, counsel believed that the proper venue to review Mr. Haygood's detention order is before this honorable court.

                                      Respectfully submitted,

                                      /s/Joshua B. Adams
                                      Joshua B. Adams
                                      Counsel for Ladon Haygood

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 566-9173